IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-04017-01-CR-C-NKL |
| | ) | |
| **JEFFREY VERNACE**, | ) | |
| | ) | |
| Defendant. | ) | |

PLEA AGREEMENT

Pursuant to Rules 11(a)(2) and (c)(1)(B) of the Federal Rules of Criminal Procedure, the parties described below have entered into the following plea agreement:

1. **The Parties.** The parties to this agreement are the United States Attorney's Office for the Western District of Missouri (otherwise referred to as "the Government" or "the United States"), represented by Bradley J. Schlozman, United States Attorney, and Cynthia L. Phillips, Assistant United States Attorney, and the defendant, **JEFFREY VERNACE** ("the defendant"), represented by Travis Jacobs.

The defendant understands and agrees that this plea agreement is only between him and the United States Attorney for the Western District of Missouri, and that it does not bind any other federal, state, or local prosecution authority or any other government agency, unless otherwise specified in this agreement.

2. **Defendant's Guilty Plea.** The defendant agrees to and hereby does plead guilty to Count One of the indictment charging him with a violation of 18 U.S.C.

§ 2422(b), that is, use of a computer to attempt to entice a minor to engage in illegal sexual activity. By entering into this plea agreement, the defendant admits that he knowingly committed this offense, and is in fact guilty of this offense.

  **3. Factual Basis for Guilty Plea.** The parties agree that the facts constituting the offense to which he is pleading guilty are as follows:

  On or about December 2, 2004, to and including January 8, 2005, **JEFFREY VERNACE**, used his online screen name, "Coach13andahalf" to contact who he believed to be a 13-year-old female named "chatgirl65201" in a Yahoo! "Missouri" chatroom. In fact, "chatgirl65201" was an undercover officer with the Boone County Sheriff's Department. All Yahoo! servers are located outside the state of Missouri. During the course of these online chats, **Vernace** attempted to persuade "chatgirl65201" to conduct phone sex with him. **Vernace** also electronically mailed pictures of unclothed females, with genitalia and attempted to persuade "chatgirl65201" to meet him for the purpose of illegal sexual conduct. On December 30, 2004, **Vernace** was to meet "chatgirl65201" at Shaw Park, in Clayton, Missouri and take her to his apartment and have sexual conduct with her. That meeting did not occur. Eventually, the chats led up to **Vernace** persuading "chatgirl65201" to meet him in person at McDonald's in Valley Park, Missouri. On January 8, 2005, at 11:48 a.m., **Vernace's** vehicle arrived at the McDonald's in Valley Park, Missouri. The deputy identified **Vernace** as the defendant from a photograph he had previously emailed to "chatgirl65201". **Vernace** was placed

under arrest and later told law enforcement that he had engaged in sexual chat with the female but denied having cyber sex or phone sex with her. **Vernace** also admitted that he had agreed to meet "chatgirl65201" for "intercourse or oral sex."

    4. **Use of Factual Admissions.** The defendant acknowledges, understands, and agrees that the admissions contained in Paragraph 3 and other portions of this plea agreement will be used for the purpose of determining his guilt and advisory sentencing range under the United States Sentencing Guidelines ("U.S.S.G."), including the calculation of the defendant's offense level in accordance with U.S.S.G. § 1B1.3(a)(2). The defendant acknowledges, understands, and agrees that the conduct charged in any dismissed counts of the indictment as well as all other uncharged related criminal activity may be considered as "relevant conduct" pursuant to U.S.S.G. § 1B1.3(a)(2) in calculating the offense level for the charge to which he is pleading guilty.

    5. **Statutory Penalties.** The defendant understands that upon his plea of guilty to Count One of the indictment charging him with use of a computer to attempt to entice a minor to engage in illegal sexual activity, the minimum penalty the Court may impose is 5 years, while maximum penalty the Court may impose is not more than 30 years of imprisonment, a $250,000 fine, any term of years of supervised release, and a $100 mandatory special assessment which must be paid in full at the time of sentencing. The defendant further understands that this offense is a Class B felony.

**6. Sentencing Procedures.** The defendant acknowledges, understands, and agrees to the following:

 a. in determining the appropriate sentence, the Court will consult and consider the United States Sentencing Guidelines promulgated by the United States Sentencing Commission; these Guidelines, however, are advisory in nature, and the Court may impose a sentence either less than or greater than the defendant's applicable Guidelines range, unless the sentence imposed is "unreasonable";

 b. the Court will determine the defendant's applicable Sentencing Guidelines range at the time of sentencing;

 c. in addition to a sentence of imprisonment, the Court may impose a term of supervised release of up to any term of years; that the Court must impose a period of supervised release if a sentence of imprisonment of more than one year is imposed;

 d. if the defendant violates a condition of his supervised release, the Court may revoke his supervised release and impose an additional period of imprisonment of up to three years without credit for time previously spent on supervised release. In addition to a new term of imprisonment, the Court also may impose a new period of supervised release, the length of which cannot exceed any term of years, less the term of imprisonment imposed upon revocation of the defendant's first supervised release;

 e. the Court may impose any sentence authorized by law, including a sentence that is outside of, or departs from, the applicable Sentencing Guidelines range;

 f. any sentence of imprisonment imposed by the Court will not allow for parole;

 g. the Court may order restitution to be paid to victims of the offense to which he is pleading guilty, the conduct charged in any dismissed counts of the indictment, and all other uncharged related criminal activity;

 h. the Court is not bound by any recommendation regarding the sentence to be imposed or by any calculation or estimation of the

-4-

Sentencing Guidelines range offered by the parties or the United States Probation Office; and

    i. the defendant may not withdraw his guilty plea solely because of the nature or length of the sentence imposed by the Court.

**7. <u>Government's Agreements.</u>** Based upon evidence in its possession at this time, the United States Attorney's Office for the Western District of Missouri, as part of this plea agreement, agrees not to bring any additional charges against defendant for any federal criminal offenses related to use of a facility of interstate commerce to entice a minor to engage in illegal sexual activity for which it has venue and which arose out of the defendant's conduct described above.

The defendant understands that this plea agreement does not foreclose any prosecution for an act of murder or attempted murder, an act or attempted act of physical or sexual violence against the person of another, or a conspiracy to commit any such acts of violence or any criminal activity of which the United States Attorney for the Western District of Missouri has no knowledge.

The defendant recognizes that the United States' agreement to forego prosecution of all of the criminal offenses with which the defendant might be charged is based solely on the promises made by the defendant in this agreement. If the defendant breaches this plea agreement, the United States retains the right to proceed with the original charges and any other criminal violations established by the evidence. The defendant expressly waives his right to challenge the initiation of the dismissed or additional charges against

-5-

him if he breaches this agreement. The defendant expressly waives his right to assert a statute of limitations defense if the dismissed or additional charges are initiated against him following a breach of this agreement. The defendant further understands and agrees that if the Government elects to file additional charges against him following his breach of this plea agreement, he will not be allowed to withdraw his guilty plea.

8. **Preparation of Presentence Report.** The defendant understands the United States will provide to the Court and the United States Probation Office a government version of the offense conduct. This may include information concerning the background, character, and conduct of the defendant, including the entirety of his criminal activities. The defendant understands these disclosures are not limited to the count to which he has pleaded guilty. The United States may respond to comments made or positions taken by the defendant or the defendant's counsel and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The United States and the defendant expressly reserve the right to speak to the Court at the time of sentencing pursuant to Rule 32(i)(4) of the Federal Rules of Criminal Procedure.

9. **Withdrawal of Plea.** The defendant understands that if the Court accepts his plea of guilty and this plea agreement but imposes a sentence that is outside the defendant's applicable Sentencing Guidelines range, or imposes a sentence that the

defendant does not expect, like or agree with, he will not be permitted to withdraw his plea of guilty.

However, if <u>United States v Helder</u>, No. 05-3387 (8th Circuit, June 26, 2006) is appealed to the United States Supreme Court and the Eight Circuit Court of Appeals is reversed, VERNACE will have the opportunity to withdraw his guilty plea in the instant case.

**10. Agreed Guidelines Applications.** With respect to the application of the Sentencing Guidelines to this case, the parties stipulate and agree as follows:

    a. The Sentencing Guidelines do not bind the Court and are advisory in nature. The Court may impose a sentence that is either above or below the defendant's applicable Guidelines range, provided the sentence imposed is not "unreasonable";

    b. the applicable Guidelines Manual is the one that took effect on November 1, 2004;

    c. the applicable Guidelines section for the offense of conviction is U.S.S.G. § 2G1.3, which provides for a base offense level of 24;

    d. the offense level is enhanced 2 points, pursuant to § 2G1.3(b)(2)(B), because it is presumed, given their respective represented ages, that the defendant used undue influence to persuade a minor to engage in illicit sexual conduct;

    e. the offense level is enhanced an additional 2 points, pursuant to § 2G1.3(b)(3)(B), because a computer was used for the enticement of a minor;

    f. the defendant has admitted his guilt and clearly accepted responsibility for his actions, and has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and the Court to allocate their resources efficiently.

-7-

Case 2:06-cr-04017-NKL   Document 41   Filed 10/23/06   Page 7 of 14

Therefore, he is entitled to a three-level reduction pursuant to § 3E1.1(b) of the Sentencing Guidelines. The Government, at the time of sentencing, will file a written motion with the Court to that effect;

      g. the parties agree that the Court will determine his applicable criminal history category after receipt of the presentence investigation report prepared by the United States Probation Office;

      h. the defendant understands that the estimate of the parties with respect to the Guidelines computation set forth in the subsections of this paragraph does <u>not</u> bind the Court or the United States Probation Office with respect to the appropriate Guidelines levels. Additionally, the failure of the Court to accept these stipulations will not, as outlined in paragraph 9 of this plea agreement, provide the defendant with a basis to withdraw his plea of guilty;

      i. the United States agrees not to seek an upward departure from the Guidelines or a sentence outside the Guidelines range, and defendant agrees to not seek a downward departure from the Guidelines or a sentence outside the Guidelines range. The agreement by the parties to not seek a departure from the Guidelines is not binding upon the Court or the United States Probation Office and the Court may impose any sentence authorized by law, including any sentence outside the applicable Guidelines range that is not "unreasonable";

      j. the defendant consents to judicial fact-finding by a preponderance of the evidence of any contested issues pertaining to the determination of the defendant's sentence under the United States Sentencing Guidelines. The defendant waives any right to a jury determination beyond a reasonable doubt of all facts used to determine and enhance the sentence imposed, and waives any right to have those facts alleged in the indictment. The defendant also agrees that the Court, in finding the facts relevant to the imposition of sentence under the Guidelines, may consider any reliable information, including hearsay; and

      k. the defendant understands and agrees that the factual admissions contained in paragraphs 3 and 4 of this plea agreement, and any admissions that he will make during his plea colloquy, support the imposition of the agreed Guidelines calculations contained in this agreement.

-8-

Case 2:06-cr-04017-NKL   Document 41   Filed 10/23/06   Page 8 of 14

l. the United States agrees to recommend to the Court the mandatory minimum of five (5) years or the bottom of the Guideline range, whichever is higher after the final calculation from the Guidelines;

**11. Effect of Non-Agreement on Guidelines Applications.** The parties understand, acknowledge, and agree that there are no agreements between the parties with respect to any Sentencing Guidelines issues other than those specifically listed in Paragraph 10, and its subsections. As to any other Guidelines issues, the parties are free to advocate their respective positions at the sentencing hearing.

**12. Change in Guidelines Prior to Sentencing.** The defendant agrees that if any applicable provision of the Guidelines changes after the execution of this plea agreement, then any request by defendant to be sentenced pursuant to the new Guidelines will make this plea agreement voidable by the United States at its option. If the Government exercises its option to void the plea agreement, the United States may charge, reinstate, or otherwise pursue any and all criminal charges that could have been brought but for this plea agreement.

**13. Government's Reservation of Rights.** The defendant understands that the United States expressly reserves the right in this case to:

a. oppose or take issue with any position advanced by defendant at the sentencing hearing which might be inconsistent with the provisions of this plea agreement;

b. comment on the evidence supporting the charge in the indictment;

c. oppose any arguments and requests for relief the defendant might advance on an appeal from the sentences imposed; and

       d. oppose any post-conviction motions for reduction of sentence, or other relief.

**14. <u>Waiver of Constitutional Rights</u>.** The defendant, by pleading guilty, acknowledges that he has been advised of, understands, and knowingly and voluntarily waives the following rights:

       a. the right to plead not guilty and to persist in a plea of not guilty;

       b. the right to be presumed innocent until his guilt has been established beyond a reasonable doubt at trial;

       c. the right to a jury trial, and at that trial, the right to the effective assistance of counsel;

       d. the right to confront and cross-examine the witnesses who testify against him;

       e. the right to compel or subpoena witnesses to appear on his behalf; and

       f. the right to remain silent at trial, in which case his silence may not be used against him.

The defendant understands that by pleading guilty, he waives or gives up those rights and that there will be no trial. The defendant further understands that if he pleads guilty, the Court may ask him questions about the offense or offenses to which he pleaded guilty, and if the defendant answers those questions under oath and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making a false statement. The defendant also understands he has pleaded guilty to a felony offense and, as a result, will lose his right to possess a firearm or ammunition and might

be deprived of other rights, such as the right to vote or register to vote, hold public office, or serve on a jury.

**15. <u>Waiver of Appellate and Post-Conviction Rights</u>.**

    a. Pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure, the defendant reserves the right to file a direct appeal from his conviction to obtain appellate review of the denial of his pretrial motion to dismiss the indictment based upon legal impossibility. In the event the defendant prevails on this appeal, and the motion is granted, he will be allowed to withdraw his guilty plea, notwithstanding any provisions of the contrary contained in this agreement. With respect to all other issues, however, the defendant expressly waives his right to appeal his sentence, directly or collaterally, on any ground, except a sentence imposed in excess of the statutory maximum or an illegal sentence, that is, sentencing error more serious than a misapplication of the Sentencing Guidelines, an abuse of discretion, or an unreasonable sentence. However, if the United States exercises its right to appeal the sentence imposed as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may, as part of the Government's appeal, cross-appeal his sentence as authorized by 18 U.S.C. § 3742(a) with respect to any issues that have not been stipulated to or agreed upon.

**16. <u>Waiver of FOIA Request</u>.** The defendant waives all of his rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

**17. <u>Waiver of Claim for Attorney's Fees</u>.** The defendant waives all of his claims under the Hyde Amendment, 18 U.S.C. § 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

-11-

**18. Defendant's Breach of Plea Agreement.** If the defendant commits any crimes, violates any conditions of release, or violates any term of this plea agreement between the signing of this plea agreement and the date of sentencing, or fails to appear for sentencing, or if the defendant provides information to the Probation Office or the Court that is intentionally misleading, incomplete, or untruthful, or otherwise breaches this plea agreement, the United States will be released from its obligations under this agreement. The defendant, however, will remain bound by the terms of the agreement, and will not be allowed to withdraw his plea of guilty.

The defendant also understands and agrees that in the event he violates this plea agreement, all statements made by him to law enforcement agents subsequent to the execution of this plea agreement, any testimony given by him before a grand jury or any tribunal or any leads from such statements or testimony shall be admissible against him in any and all criminal proceedings. The defendant waives any rights that he might assert under the United States Constitution, any statute, Federal Rules of Criminal Procedure, Section 11(f), Federal Rules of Evidence, Section 410, or any other federal rule that pertains to the admissibility of any statements made by him subsequent to this plea agreement.

**19. Defendant's Representations.** The defendant acknowledges that he has entered into this plea agreement freely and voluntarily after receiving the effective assistance, advice, and approval of counsel. The defendant acknowledges that he is

satisfied with the assistance of counsel, and that counsel has fully advised him of his rights and obligations in connection with this plea agreement. The defendant further acknowledges that no threats or promises, other than the promises contained in this plea agreement, have been made by the United States, the Court, his attorneys or any other party to induce him to enter his plea of guilty.

20. **No Undisclosed Terms.** The United States and defendant acknowledge and agree that the above-stated terms and conditions constitute the entire plea agreement between the parties, and that any other terms and conditions not expressly set forth in this agreement do not constitute any part of the parties' agreement and will not be enforceable against either party.

21. **Standard of Interpretation.** The parties agree that, unless the constitutional implications inherent in plea agreements require otherwise, this plea agreement should be interpreted according to general contract principles and the words employed are to be given their normal and ordinary meanings. The parties further agree that, in interpreting this agreement, any drafting errors or ambiguities are not to be automatically construed against either party, whether or not that party was involved in drafting or modifying this agreement.

                Bradley J. Schlozman
                United States Attorney

Dated _10/23/06_    By    _s/Cynthia L. Phillips_
                                       Cynthia L. Phillips
                                       Assistant United States Attorney

I have consulted with my attorney and fully understand all of my rights with respect to the offense charged in the indictment. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this plea agreement and I voluntarily agree to it.


Dated *10/23/06*                             *s/Jeffrey Vernace*
                                             JEFFREY VERNACE
                                             Defendant


I am defendant JEFFREY VERNACE's attorney. I have fully explained to him his rights with respect to the offense charged in the indictment. Further, I have reviewed with him the provisions of the Sentencing Guidelines which might apply in this case. I have carefully reviewed every part of this plea agreement with him. To my knowledge, JEFFREY VERNACE's decision to enter into this plea agreement is an informed and voluntary one.


Dated *10/23/06*                             *s/Travis Jacobs*
                                             Travis Jacobs
                                             Attorney for Defendant